IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-157

 No. COA21-7

 Filed 15 March 2022

 Union County, No. 19 CVS 2803

 IDA EDWARDS, Petitioner,

 v.

 TORRE JESSUP, COMMISSIONER OF THE DIVISION OF MOTOR VEHICLES,
 STATE OF NORTH CAROLINA, Respondent.

 Appeal by Respondent from order entered 22 September 2020 by Judge Jeffery

 K. Carpenter in Union County Superior Court. Heard in the Court of Appeals 5

 October 2021.

 Paul A. Tharp for the Petitioner-Appellee.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General
 Christopher W. Brooks, for the Respondent-Appellant.

 DILLON, Judge.

¶1 Appellee was charged with driving while impaired (“DWI”). This appeal does

 not concern this charge but rather concerns the revocation of her driver’s license by

 the North Carolina Division of Motor Vehicles (the “DMV”) based on her failure to

 consent to a chemical analysis after being charged with DWI. The superior court held

 that the DMV erred in revoking Appellee’s license on appeal. We reverse the superior

 court.
 EDWARDS V. JESSUP

 2022-NCCOA-157

 Opinion of the Court

 I. Background

¶2 On 7 February 2019, a law enforcement officer (the “Officer”) responded to a

 call about a driver who had fallen asleep in the drive-through lane of a fast-food

 restaurant. Upon arrival, police at the scene directed the Officer to a vehicle parked

 in the restaurant’s parking lot. Appellee was seated in the driver side of the vehicle.

 The vehicle was not running. The Officer asked Appellee to step out of the vehicle.

 The Officer noticed that Appellee seemed very lethargic, had a “deer in the

 headlights” look, and slurred her speech. When requested to present her driver’s

 license, Appellee mistakenly gave the Officer her bank card and post office

 identification. Appellee then failed a field sobriety test and eventually admitted to

 taking unprescribed Hydrocodone.

¶3 The Officer charged Appellee with DWI, an implied consent offense. Appellee

 was transported to a detention center, where she refused to consent to a blood sample

 for a chemical analysis.

¶4 Appellee received notice that her driving privileges were being revoked for

 refusing chemical analysis pursuant to N.C. Gen. Stat. § 20-16.2 (2019). She

 requested an administrative hearing. At the conclusion of the hearing, the DMV

 hearing officer sustained the revocation. Appellee then filed a petition seeking review

 in the superior court. After a hearing on the matter, the superior court reversed the

 DMV’s decision. The DMV timely appealed to our Court.
 EDWARDS V. JESSUP

 2022-NCCOA-157

 Opinion of the Court

 II. Analysis

¶5 If an officer has “reasonable grounds to believe” that a driver has committed

 an implied-consent offense, such as DWI, the driver is required to submit to a

 chemical analysis. N.C. Gen. Stat. § 20-16.2(a). Any such driver who refuses to

 submit to a chemical analysis may have her license revoked, simply for refusing, even

 if she is not later convicted of the underlying crime.

¶6 Here, the superior court reversed the DMV decision on two different grounds.

 We address each in turn.

 A. Reasonable Grounds That Appellee Was Operating Her Vehicle

¶7 The superior court concluded that there was a lack of evidence to support a

 finding that Appellee was operating her motor vehicle. However, the evidence does

 not need to establish that Appellee was driving the vehicle. The only requirement is

 that the Officer had “reasonable grounds to believe that” Appellee had driven the

 vehicle while under the influence. N.C. Gen. Stat. § 20-16.2(a). We held as such in

 unpublished opinions, which we find persuasive. Neilon v. Comm’r of Motor Vehicles,

 2011 N.C. App. LEXIS 1233, *13, 718 S.E.2d 737 (2011) (unpublished); Thurman v.

 Comm’r, NC DMV, 2008 N.C. App. LEXIS 1009 *5-6 (2008) (unpublished). Our Court

 has equated “reasonable grounds” with “probable cause.” Moore v. Hodges, 116 N.C.

 App. 727, 730 449 S.E.2d 218, 220 (1994).
 EDWARDS V. JESSUP

 2022-NCCOA-157

 Opinion of the Court

¶8 Here, we conclude that the evidence supports a finding that the Officer had a

 reasonable belief/probable cause that Appellee had been driving her vehicle while

 impaired. First, the Officer had reasonable grounds that Appellee was impaired

 based on the evidence, including that recounted above. And there was evidence that

 she had been driving. Specifically, there was a report of a driver who had fallen

 asleep in the drive-through lane at a fast-food restaurant. The Officer arrived to

 investigate and was directed to Appellee’s car, which was in the restaurant parking

 lot. Appellee was seated on the driver’s side. The vehicle belonged to her. She stated

 that a friend had been “riding with her.” And she admitted to falling asleep while in

 her car in the drive-through lane. It may be that the evidence was not sufficient to

 convict Appellee of DWI, but we conclude the evidence was sufficient to give the

 Officer probable cause that Appellee had driven her car while impaired.

 B. Due Process

¶9 The superior court concluded that Appellee was “denied the fundamental

 protections of the Due Process Clause . . . in that she was deprived of the opportunity

 to be heard at a meaningful time and in a meaningful manner.” However, Appellee

 never alleged a due process violation in her petition to the superior court. Assuming

 arguendo that Appellee’s due process argument is properly before us, we conclude

 that her due process rights were not violated, as explained below.
 EDWARDS V. JESSUP

 2022-NCCOA-157

 Opinion of the Court

¶ 10 The superior court found that Appellee’s due process rights were violated

 because the hearing officer is a DMV employee and because she essentially acted, not

 only as fact-finder, but also as the prosecutor. Neither party cited, nor has our

 research uncovered a North Carolina case on point. We note, though, that the Fourth

 Circuit affirmed the decision of the Western District of North Carolina concluding

 that the hearing procedure prescribed in N.C. Gen. Stat. 20-16.2 does not violate the

 driver’s due process rights. Montgomery v. N.C. Dep’t of Motor Vehicles, 455 F. Supp.

 338, 341 (W.D.N.C. 1978), aff’d, 599 F.2d 1048 (4th Cir. 1979).

¶ 11 We conclude that the fact that a hearing officer in a DMV hearing is a DMV

 employee does not violate a driver’s due process rights per se. For instance, the

 United States Supreme Court has held that a prisoner facing disciplinary procedures

 is not deprived of due process merely because the panel who hears the matter is

 comprised of prison officials. See Wolff v. McConnell, 418 U.S. 539, 570 (1974).

 Justice Marshall dissented in Wolff, but did agree on the above point, stating:

 Finally, the [majority] addresses the question of the need
 for an impartial tribunal to hear these prison disciplinary
 cases. We have recognized that an impartial decisionmaker
 is a fundamental requirement of due process in a variety of
 relevant situations . . . and I would hold this requirement
 fully applicable here. But in my view there is no
 constitutional impediment to a disciplinary board composed
 of responsible prison officials like those on the Adjustment
 Committee here. While it might well be desirable to have
 persons from outside the prison system sitting on
 disciplinary panels, so as to eliminate any possibility that
 EDWARDS V. JESSUP

 2022-NCCOA-157

 Opinion of the Court

 subtle institutional pressures may affect the outcome of
 disciplinary cases and to avoid any appearance of
 unfairness, in my view due process is satisfied as long as no
 member of the disciplinary board has been involved in the
 investigation or prosecution of the particular case, or has
 had any other form of personal involvement in the case.

 Id. at 592 (Marshall dissenting).

¶ 12 In this case, there is nothing to indicate that the DMV hearing officer had any

 special knowledge or connection to Defendant’s case that would indicate a lack of

 impartiality. We hold that there is nothing “in the record presented here for [us to]

 conclud[e] that the [DMV Hearing Officer acting in accordance with Section 20-16.2]

 presents such a hazard of arbitrary decision making that it should be held violative

 of due process of law.” See id. at 571.

¶ 13 The superior court also took issue with the fact that there was no attorney at

 the hearing putting on the DMV’s case. Rather, the hearing officer considers the

 evidence in the DMV file, issues subpoenas when necessary, and questions the driver

 and other witnesses. In sum, the superior court essentially held that the hearing is

 not “meaningful” because the hearing officer is biased in favor of the DMV. Based on

 our jurisprudence, though, we hold that this procedure does not violate a driver’s due

 process rights where there is nothing to indicate that the hearing officer was doing

 anything more than attempting to elicit the truth.
 EDWARDS V. JESSUP

 2022-NCCOA-157

 Opinion of the Court

¶ 14 We have made similar holdings in commitment proceedings where the State is

 not represented by counsel. See, e.g., In re C.G., 278 N.C. App. 416, 2021-NCCOA-

 344, 863 S.E.2d 237 (2021); In re Perkins, 60 N.C. App. 592, 299 S.E.2d 675 (1983).

 Our Supreme Court has described this principle, stating that “the trial judge may

 interrogate a witness for the purpose of developing a relevant fact . . . in order to

 ensure justice and aid [the fact-finder] in their search for a verdict that speaks the

 truth.” State v. Pearce, 296 N.C. 281, 285, 250 S.E.2d 640, 644 (1979). That Court

 has further held that it is not a per se constitutional violation for the trial court to

 exercise its right to call or question witnesses. State v. Quick, 329 N.C. 1, 21-25, 405

 S.E.2d 179, 192-93 (1991). And our Court has held that it is not per se prejudicial for

 a judge to question a witness, even where the answer provides the sole proof of an

 element which needs to be proved. See State v. Lowe. 60 N.C. App. 549, 552, 299

 S.E.2d 466, 468 (1983).

¶ 15 In sum, we conclude that the procedure prescribed by Section 20-16.2 does not

 violate a driver’s right to due process. The fact that the hearing officer is a DMV

 employee and plays a role in drawing out the truth does not render that officer biased

 any more than a judge, who has the same employer as the prosecutor (the State of

 North Carolina), could be deemed biased for merely questioning witnesses. This is

 not to say that the manner in which a hearing officer conducts her hearing could

 never rise to a due process violation where the hearing officer displays clear bias.
 EDWARDS V. JESSUP

 2022-NCCOA-157

 Opinion of the Court

 However, there is no indication that any such bias was present in the way Appellee’s

 hearing officer conducted the hearing.

 III. Conclusion

¶ 16 We conclude that the superior court erred by reversing the DMV’s order

 revoking Appellee’s driving privileges. The record supports the findings in the DMV

 order, and the findings support the conclusions of law. In addition, Appellee was not

 deprived of due process at the hearing before the DMV officer.

 REVERSED.

 Judges MURPHY and JACKSON concur.